**WO**                                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jamond A. Toles,                          )    No. CV 10-2122-PHX-RCB (LOA)
                                          )
            Plaintiff,                    )    **ORDER**
                                          )
vs.                                       )
                                          )
Kellie M. Sanford, et al.,                )
                                          )
            Defendants.                   )
                                          )
_____      )

On October 4, 2010, Plaintiff Jamond A. Toles, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a deficient Application to Proceed *In Forma Pauperis*. In an October 12, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On October 20, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 6). The Court will grant the second Application to Proceed and will dismiss this action.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $15.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each

1   time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will

2   enter a separate Order requiring the appropriate government agency to collect and forward

3   the fees according to the statutory formula.

4   **II.      Statutory Screening of Prisoner Complaints**

5          The Court is required to screen complaints brought by prisoners seeking relief against

6   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

8   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

9   be granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1), (2).

11         A pleading must contain a "short and plain statement of the claim *showing* that the

12  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

13  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

14  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

15  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16  statements, do not suffice."  Id.

17         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

18  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

19  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

20  that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

22  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

23  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

24  allegations may be consistent with a constitutional claim, a court must assess whether there

25  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

26         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

27  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL

28  2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be

1   held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting

2   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

3          If the Court determines that a pleading could be cured by the allegation of other facts,

4   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

5   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

6   should not, however, advise the litigant how to cure the defects.  This type of advice "would

7   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

8   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

9   required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

10  failure to state a claim, without leave to amend because the defects cannot be corrected.

11  **III.   Complaint**

12         In his two-count Complaint, Plaintiff sues the following Defendants: attorney Kellie

13  M. Sanford and the Maricopa County Superior Court.

14         In Count One, Plaintiff alleges a violation of the Eighth Amendment prohibition

15  against cruel and unusual punishment because he is being held in jail "by Maricopa County

16  for crimes [he] didn[']t commit" and because his attorney "is working with the County

17  against [him]."  In Count Two, Plaintiff asserts a violation of article II, section 4 of the

18  Arizona Constitution.  He claims that he is not being given the ability to "fully be represented

19  by counsel who[se] interest is [his] best" and he is being deprived of life and liberty because

20  he is being held in jail.

21         In his Request for Relief, Plaintiff seeks monetary damages and for Maricopa County

22  and the Maricopa County Sheriff to be "reprimanded."

23  **IV.   Failure to State a Claim**

24      **A.   Count One**

25          **1.   Defendant Sanford**

26         Section 1983 provides a cause of action against persons acting under color of state law

27  who have violated rights guaranteed by the United States Constitution and federal law.  42

28  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  A

1   public defender representing a criminal defendant does not act under color of state law.  <u>See</u>

2   <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Therefore, the Court will dismiss

3   Plaintiff's claim against Defendant Sanford.

4                    **2.      Defendant Maricopa County Superior Court**

5           To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

6   injury as a result of specific conduct of a defendant and show an affirmative link between the

7   injury and the conduct of that defendant.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377

8   (1976).  Plaintiff has made no allegations against Defendant Maricopa County Superior

9   Court.

10          Claims under § 1983 may be directed at "bodies politic and corporate."  <u>Monell v.</u>

11  <u>New York City Dept. of Social Services</u>, 436 U.S. 686, 688-89 (1978).  "[A] municipality

12  can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom

13  caused the constitutional injury." <u>Leatherman v. Tarrant County Narcotics Intelligence and</u>

14  <u>Coordination Unit</u>, 507 U.S. 163, 166 (1993).  "A municipality may be liable for actions

15  resulting in violations of constitutional rights only when the conduct of its official or agent

16  is executed pursuant to a government policy or custom."  <u>Lewis v. Sacramento County</u>, 98

17  F.3d 434, 446 (9th Cir. 1996), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 523 U.S. 833 (1998).  Plaintiff does

18  not allege that any Defendant acted in conformance with a policy or custom of the Maricopa

19  County Superior Court in violating Plaintiff's constitutional rights.

20          Even if Plaintiff had sued an individual Maricopa County Superior Court Judge,

21  judges are absolutely immune from § 1983 suits for damages for their judicial acts except

22  when they are taken "in the 'clear absence of all jurisdiction.'"  <u>Stump v. Sparkman</u>, 435 U.S.

23  349, 356-57 (1978) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1871)); <u>Ashelman v. Pope</u>,

24  793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally

25  performed by a judge and the parties dealt with the judge in his or her judicial capacity.

26  <u>Stump</u>, 435 U.S. at 362; <u>Crooks v. Maynard</u>, 913 F.2d 699, 700 (9th Cir. 1990).

27          Therefore, the Court will dismiss Defendant Maricopa County Superior Court.

28  . . . .

**B.      Count Two**

Section 1983 does not provide a cause of action for violations of state law or state constitutional rights.  Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).  In order to state a claim under § 1983, Plaintiff must allege a cognizable **federal** constitutional claim.  In Count Two, Plaintiff has only asserted a claim under the Arizona Constitution.  This is insufficient and, therefore, the Court will dismiss Count Two.

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.33.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 22nd day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 5 -